UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN KENNY,

        Plaintiff,                      Civil Action No. 12-10182

        v.                             District Judge Gerald E. Rosen
                                        Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
<u>ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [8, 13]</u>**

      Plaintiff Joan Kenny ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties filed summary judgment motions (Dkts. 8, 13) which are presently before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), (Dkt. 2). For the following reasons, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

**I. BACKGROUND**

Plaintiff was 56 years old on the date she alleges she became disabled. She completed high school and went to beauty school in 1986. (Tr. 40.) Plaintiff previously worked as a hair stylist and did work in entertainment booking. (Tr. 41.) Plaintiff indicated that she can no longer work because of a stent in her heart and because she suffers from on-going internal bleeding. (Tr. 43.)

**A. Procedural History**

Plaintiff alleges that she became unable to work on August 4, 2008. (Tr. 18.) Plaintiff protectively filed her application for DIB on October 16, 2008. (Tr. 108-115.) The Commissioner denied Plaintiff's disability application on April 20, 2009. (Tr. 67.) Plaintiff then filed a request for a hearing, and on August 4, 2010, she appeared with counsel before ALJ Patricia S. McKay who considered the case *de novo*. (Tr. 33-65.) In a November 16, 2010 decision, ALJ McKay found that Plaintiff was not disabled. (Tr. 18-27.) The ALJ's decision became the final decision of the Commissioner on November 16, 2011, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-4.) Plaintiff filed this suit on January 16, 2012. (Dkt. 1, Compl.).

**B. Medical Evidence**

Plaintiff did not challenge the ALJ's assessment of the medical evidence in this case.

**C. Testimony at the Hearing Before the ALJ**

*1. Plaintiff's Testimony*

Plaintiff worked doing entertainment booking. (Tr. 41.) During the day, she testified that she would make phone calls, review videos, and do bookings for bars, clubs, and private parties. (*Id*.) At night, Plaintiff reported that she would go out to listen to the groups in bars and at private parties. (*Id*.) It was a six-day-a-week job, for seven or eight hours per day. (Tr. 41, 53.) When

questioned about why she could not do her past booking work, Plaintiff testified:

> Well, ma'am, I — first of all, I'm sitting at a desk all day, and I'm supposed to have my legs elevated for most of the time. I can't quite see myself sitting at the desk with my legs up on the desk, first of all. And then second of all, this job requires going out in the evening, and I was working before, five and six days a week, and I was going out to the bars, to the halls, to all the different places, walking, talking, visiting, you know, conducting all this business with these different entertainers. And plus the fact that, you know, I'm on this Vicodin now and I'm just kind of groggy all the time, but I have to take it for the pain. But I'd be on my feet more hours than I should be, for sure. And to go to the bars anymore, I just don't think I could get — do that. I can't even wear high heels or anything. I wear my Crocs, you know, I can't — I can't even dress up.

(Tr. 52.)

### 2. *Vocational Expert's Testimony*

The vocational expert ("VE") classified Plaintiff's past work, both as she actually performed it and as it is generally performed as follows: hairstylist, skilled with a specific vocational preparation (SVP) of 6, and light in physical demand — and, although it is considered skilled, it is job-specific. (Tr. 57.) The position of booking manager was classified as sedentary with an SVP of 6, therefore, it is skilled and has transferrable skills into semi-skilled, clerical-type work. (*Id*.) Specifically, the VE indicated that receptionist-type skills would transfer. (*Id*.) She said that very little adjustment would be required for a transfer. (*Id*.)

Based on the VE's review of the file and on Plaintiff's testimony, the ALJ asked the VE to assume:

> [A] hypothetical claimant with our claimant's age, education, past work experience, . . . limited to lifting and carrying up to 10 pounds; is capable of sitting at least six out of eight hours; can engage in activities such as climbing stairs, or crouching, or crawling, or kneeling, or stooping, or bending, only on an occasional basis, as opposed to frequent or constant — needs to avoid workplace hazards

3

>such as climbing ladders; needs to avoid extreme cold temperatures, so this person needs to work indoors, at least in the winter, in Michigan; and this person would be precluded from standing or walking over four hours.

(Tr. 58-59.) The ALJ then asked whether this hypothetical claimant could perform any of Ms. Kenny's past work. The VE responded that the hypothetical claimant could perform Plaintiff's previous job as a booking manager as it is generally performed. (Tr. 59.) The hypothetical claimant could also perform the receptionist job. (Tr. 59-60.)

When the ALJ added the limitation that the hypothetical claimant needed to elevate her legs to foot-rest height, the VE testified that the claimant would still be able to perform the receptionist job and the booking manager job as it is generally performed. (Tr. 60.) "However," said the VE, "it would affect, again, the booking manager [job] as performed. Per the DOT, no. The DOT has it sitting." (*Id*.) The ALJ clarified: "So, per the DOT, . . . if they could elevate their legs to foot-rest height, if that were all that were required, [they] could perform [the booking manager job] as generally performed?" (Tr. 60.) The VE answered, "Yes, because foot-rest height . . . ." (*Id*.)

When asked about a hypothetical individual who needed to elevate her legs to heart-level, the vocational expert indicated that the individual would not be able to engage in competitive employment. (Tr. 60.) She explained that work would be precluded because of the "height and frequency of the elevation of legs, issues regarding pain, as well as the decrease in mobility." (Tr. 60-61.)

## II. THE ALJ'S APPLICATION OF THE DISABILITY FRAMEWORK

Under the Social Security Act (the "Act"), Disability Insurance Benefits (for qualifying wage earners who become disabled prior to expiration of their insured status) "are available only for those who have a 'disability.'" *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the

5

analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from August 4, 2008, through her last date insured, September 30, 2012. (Tr. 20, 36.) At step two, the ALJ found that Plaintiff had the following severe impairments:

> [E]rosive gastroduodenitis, hiatal hernia, coronary artery disease, status post right coronary artery balloon angioplasty and stenting, hypertension, status post left knee arthroscopic surgery, peripheral arterial disease with varicose veins and bleeding, low back pain with radiation to the right lower extremity, mild obesity, history of hysterectomy, and a history of chronic obstructive pulmonary disease (20 CFR 404.1520(c)).

(*Id.*) Next, the ALJ concluded that none of these impairments, alone or in combination, met or medically equaled a listed impairment. (*Id.*) Between steps three and four, the ALJ determined that Plaintiff had the following residual functional capacity: able to lift and carry up to 10 pounds, able to sit at least six of eight hours, able to stand/walk up to four hours, able to climb stairs, crouch, crawl, kneel, stoop/bend on an occasional basis as opposed to more often such as frequently, need to avoid workplace hazards such as moving machinery, unprotected heights, and climbing ladders, and needs to avoid exposure to extreme cold. (Tr. 22.) At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a booking manager, as generally performed in the national economy. (Tr. 26.)

## III. STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited: the Court "must affirm

the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted). In deciding whether substantial evidence supports the ALJ's decision, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (internal quotation marks omitted)). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human*

*Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

## IV. ANALYSIS

Plaintiff brings one, narrow argument in her four-page motion for summary judgment, citing just two legal authorities in support.[1] Plaintiff says the ALJ erred at step four when she determined that Plaintiff could return to her past work as a booking manager as generally performed, and not as she actually performed it. (Pl.'s Mot. Summ. J, at 6-9.) Plaintiff takes issue with the fact that the VE testified that Plaintiff could return to a job *similar* to her past work, namely a booking manager job as it was performed in the national economy (e.g., sitting down) and not specifically as she performed the job (e.g., going to clubs and hearing the bands that she was booking, etc.) (Pl. Mot. Summ. J, at 8.)

Plaintiff's argument, however, has been rejected by the Sixth Circuit. In *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987), the Sixth Circuit held that the Act requires that a plaintiff show his impairments are "so severe that he is 'unable to do his previous

---

[1] To the extent Plaintiff claims that the ALJ erred by relying on VE testimony that inaccurately portrayed her physical impairments, any such argument has been waived for failure to adequately brief this issue in her motion for summary judgment. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 898, 995-96 (6th Cir. 1997).

8

work. . . .'" The Court specified: "[h]e must prove an inability to return to his former *type* of work and not just to his former job." *Id.* (emphasis in original) (internal quotation marks omitted). *Accord Clendening v. Comm'r of Soc. Sec.*, 482 F. App'x 93, *7 (6th Cir. 2012) ("The relevant inquiry is whether [the claimant] could still perform that type of work and not necessarily the specific job that he had in the past."); *see also Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986); *Gray v. Heckler*, 760 F.2d 369, 372 (1st Cir. 1985); *De Loathe v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). Because the VE testified that booking managerial work existed at a level consistent with Plaintiff's RFC, this Court is compelled to affirm. *See Studaway*, 815 F.2d at 1076.

## V. CONCLUSION & RECOMMENDATION

For the foregoing reasons, this Court finds that substantial evidence supports the ALJ's finding at step four that Plaintiff could return to her past work as a booking manager as generally performed. Accordingly, this Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

## VI. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 15, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 15, 2013.

                                                      s/Jane Johnson
                                                     Deputy Clerk